**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

LEROY LYNCH,

    Plaintiff,

v.

NATIONWIDE HAUL TRUCK &
TRAILER REPAIR, LLC,
a Florida limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, LEROY LYNCH ("Plaintiff" or "Mr. Lynch"), pursuant to *29 U.S.C. § 216(b)*, Article X, Section 24 of the Florida Constitution, and *Fla. Stat. § 448*.110 ("FMWA"), files the following Complaint for Damages and Demand for Jury Trial against Defendant, NATIONWIDE HAUL TRUCK & TRAILER REPAIR, LLC ("Defendant" or "Nationwide"), and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of minimum wage compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA"), the Florida Constitution and the Florida Minimum Wage Act ("FMWA") to recover all minimum wages that Defendant refused to pay Plaintiff during his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, Nationwide, was a Florida limited liability company located and transacting business within Pompano Beach, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, Nationwide is headquartered and operates its principal location at 2221 Northwest 22nd Street, Pompano Beach, FL 33069.

5. Defendant, Nationwide, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

## JURISDICTION AND VENUE

6. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, Nationwide, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to *28 U.S.C. § 1367*.

9. Venue is also proper within the Southern District of Florida Pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

10. Plaintiff fulfilled and satisfied all conditions precedent to filing this lawsuit under the FMWA and the Florida Constitution.

## FLSA COVERAGE

11. Defendant, Nationwide, is an employer covered under the FLSA and the FMWA through enterprise coverage, as Nationwide was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Nationwide was engaged in interstate commerce by virtue of the fact that its business activities involved

those to which the FLSA applies. Defendant, Nationwide's business and Plaintiff's work for Nationwide affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved though interstate commerce prior to Plaintiff's use of the same.

12. During his employment with Defendant, Nationwide, Plaintiff handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to the following: oil, brake pads, belts, hoses, batteries, tires, jack, jack stands, fuses, wrenches, clamps, screwdrivers, hammers, pliers, wire cutters, gloves, lubricants, electrical tape, dollies, chisels, hacksaw, safety glasses, hearing protection, tape measure, paint, funnels, and other vehicle repair related items.

13. Defendant, Nationwide, regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstates commerce, this making Defendant, Nationwide's business an enterprise covered by the FLSA.

14. Defendant, Nationwide, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019, and 2020.

## PLAINTIFF'S WORK FOR DEFENDANT

15. Defendant is a truck and trailer repair company which provides its service throughout the state of Florida.

16. Plaintiff worked for Defendant from October 8, 2018 until about March 20, 2020.

17. Plaintiff's regular hourly rate when he started working for Defendant was $28.00 per hour.

18. During the two (2) years preceding the filing of this Complaint, the Defendant employed the Plaintiff as a non-exempt hourly employee.

19. Defendant refused to pay Plaintiff for the hours he worked during Plaintiffs last two (2) weeks of employment, ending on or around March 20, 2020.

20. Defendant's actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated damages.

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206*

21. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 20 as though set forth fully herein.

22. Plaintiff worked for at least eighty (80) hours for Defendant during his last pay period.

23. Defendant failed to compensate Plaintiff at the applicable federal minimum wage for the work he performed during his last two (2) weeks of employment, ending on or around March 20, 2020.

24. Defendant's failure to pay Plaintiff the federal minimum wages violates the FLSA.

25. Defendant willfully and intentionally refused to pay Plaintiff his minimum wages as required by the FLSA, as Defendant knew or should have known of the minimum wage requirements of the FLSA and refused to comply with those requirements.

26. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

27. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated (or double) damages.

28. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, LEROY LYNCH, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, NATIONWIDE HAUL TRUCK &

TRAILER REPAIR, LLC, and award Plaintiff: (a) unliquidated minimum wages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II – VIOLATION OF *FLA. STAT. § 448.110* AND ARTICLE X, SECTION 24 OF THE FLORIDA CONSTIUTION – FLORIDA MINIMUM WAGE VIOLATIONS

29. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 20 as though set forth fully herein.

30. Plaintiff worked for at least eighty (80) hours for Defendant during his last pay period.

31. Defendant failed to compensate Plaintiff for the aforementioned two (2) weeks of work performed.

32. As a result of Defendant's failure to pay Plaintiff's wages, violations of the Florida Minimum Wage Act ("FMWA") and Article X, Section 24 of the Florida Constitution have occurred in each of the two (2) workweeks.

33. Plaintiff is not exempt from the minimum wage requirements under *Fla. Stat. § 448.110* and Article X, Section 24 of the Florida Constitution.

34. In 2020, the minimum wage in the State of Florida was $8.56 per hour.

35. Defendant willfully and intentionally refused to pay Plaintiff's wages as required by the FMWA, as Defendant knew or should have known of the minimum wage requirements of the FMWA and refused to comply with those requirements.

36. Defendant recklessly failed to investigate whether Defendant's timekeeping and payroll practices were in accordance with the FMWA during the relevant time period.

37. Defendant's willful or intentional violations of Florida wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

38. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel to validate his rights and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, LEROY LYNCH, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, NATIONWIDE HAUL TRUCK & TRAILER REPAIR, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LEROY LYNCH, requests and demands a trial by jury on all appropriate claims.

**Dated this 13th day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Leroy Lynch*

By:  */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was served by CM/ECF on all parties listed below on January 13, 2021.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**